907 F.2d 150
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alfred BAKER, Plaintiff-Appellant,
v.
Richard P. SEITER, et al., Defendants-Appellees.
 No. 89-3655.
 United States Court of Appeals, Sixth Circuit.
 July 10, 1990.
 
 Before MERRITT, Chief Judge, and KEITH and NATHANIEL R. JONES, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this prisoner civil rights action, plaintiff Alfred Baker ("Baker") appeals from the district court's June 27, 1989 memorandum and order granting summary judgment for defendants Richard P. Seiter, Director, Ohio Department of Rehabilitation and Correction; H.K. Russell, Superintendent, Lima Correctional Institution; Jerry Hunt, Correctional Officer, Lima Correctional Institution; Gerald Burton, Chairman, Rule Infraction Board Committee, Lima Correctional Institution; Lieutenant Adams, Lima Correctional Institution; and Lieutenant Moore, Lima Correctional Institution (collectively "defendants"). Baker contends that the defendants violated his due process rights during two Rule Infraction Board ("the Board") proceedings conducted while he was incarcerated at the Lima Correctional Institution. Baker maintains that he was denied the right to call witnesses and that no evidence supported the Board's findings. Moreover, he contends that the district court applied the incorrect standard in analyzing the Board's decision not to allow additional witnesses.
 
 
 2
 The right to present relevant evidence is basic to a fair hearing; however, the unrestricted right to call witnesses from the prison population carries the potential for disruption and interference with the institution's correctional program. See Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Although a prisoner facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense, he should not be permitted to do so if it will be unduly hazardous to institutional safety and correctional goals:
 
 
 3
 [W]e must balance the inmate's interest[s] ... against the needs of the prison, and some amount of flexibility and accommodation is required. Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence. Although we do not prescribe it, it would be useful for the Committee to state its reason for refusing to call a witness, whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases.
 
 
 4
 Id. at 566.
 
 
 5
 Given the above, we find that the district court applied the correct standard. A prisoner's right to call witnesses and present evidence in a disciplinary hearing can be denied if granting the request would undermine the goals of the correctional institution. See Wolff, 418 U.S. at 566. See also Ponte v. Real, 471 U.S. 491, 495 (1985) (the right to call witnesses is a limited one available to an inmate only when "permitting him to do so will not be unduly hazardous to institutional safety or correctional goals."). Here, Gerald Burton's affidavit sets forth valid reasons why Baker's right to present witnesses was limited at the Board's proceedings. First, the testimony of additional witnesses would have been redundant. Second, an undue hazard would have been created in prison security because some of the additional witnesses were in isolation due to their disruptive nature.
 
 
 6
 Having carefully considered the record and briefs submitted in this case, we find no error warranting reversal. Therefore we AFFIRM the judgment of the Honorable Richard B. McQuade, Jr., United States District Judge for the Northern District of Ohio.